UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO. 3:97-CR-2 RLM |
| | ) | |
| MARLA LYNN CONES (02) | ) | |

OPINION and ORDER

Following a bench trial in August 1997, Marla Cones was found guilty of possession of heroin with intent to distribute (Count 1) [21 U.S.C. § 841(a) (1)], attempted possession of heroin with intent to distribute (Count 2) [21 U.S.C. § 836], importation of heroin (Count 3) [21 U.S.C. § 952], and possession of a crack cocaine (Count 5) [21 U.S.C. § 844]. The court sentenced Ms. Cones to a term of 151 months on each of Counts 1, 2, and 3 and a term of 12 months on Count 5, with those sentences to run concurrently. The court resentenced Ms. Cones following remand to a term of 78 months on each of Counts 1, 2, and 3 and a term of 12 months on Count 5, with those terms to run concurrently. United States v. Cones, 195 F.3d 941 (7th Cir. 1999). Ms. Cones's four-year term of supervised release expired in 2006. Ms. Cones is now before the court asking that "all references to [her] arrest for this offense and the institution of proceedings in this case and their results be expunged from all official records except nonpublic records kept by the Department of Justice under 18 U.S.C. § 3607(b)." The government filed its objection to the motion, which is now ripe for review.

The statutory section upon which Ms. Cones relies, 18 U.S.C. § 3607(b), applies to people who received special probation under 18 U.S.C. § 3607(a) based on a charge of drug possession under 18 U.S.C. § 844, and to cases under 18 U.S.C. § 3607(c), which permits an expungement order to be entered for a person under 21 years of age who was the subject of a disposition under Section 3607(a). The record here shows that Sections 3607(a) and 3607(c) are inapplicable to this case: the indictment charged Ms. Cones with more offenses than mere possession of a controlled substance, and she was over 21 years of age at the time of her offenses. Thus, Ms. Cones isn't entitled to the relief she seeks under 18 U.S.C. § 3607(b).

The court has no statutory or constitutional authority to order the executive branch to expunge records, but does retain the authority to expunge records maintained by the judicial branch. United States v. Flowers, 389 F.3d 737, 738-739 (7th Cir. 2004). "The test for the expungement of judicial records is a balancing test: 'if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.'" United States v. Flowers, 389 F.3d at 739 (*quoting* United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993)). The Flowers court stressed that "expungement is an extraordinary remedy." 389 F.3d at 739.

The public's interest in the maintenance of accurate records is strong:

> Records relating to a person's criminal conduct are vital tools to law enforcement and are, at least as of today, essential to the computation of sentences under the United States Sentencing

> Guidelines. Other evidence of the weight of public interest can be seen in the long tradition of open proceedings and public records, which is the essence of a democratic society.

United States v. Flowers, 389 F.3d at 739; *see also* United States v. Kotsiris, 543 F. Supp. 2d 966, 969 (N.D. Ill. 2008) ("[A]n individual who files a motion to expunge seeks the judicial editing of history."). To outweigh the public interest, then, a movant's "unwarranted adverse consequences must truly be extraordinary." Id.

Ms. Cones bases her request on the following mitigating circumstances: she successfully completed her sentence and period of supervised release; she has earned an associates degree and a technical certificate; she has held down three long-term jobs and has never been involuntarily terminated from any position; and she has continued to care for her grandmother. Ms. Cones explains that her goal is to "remove all hindrances that prevent her from securing a good job as she is currently on administrative leave pending some form of resolve regarding her criminal history."

Ms. Cones has distinguished herself since her incarceration by advancing her education, securing employment, and caring for her grandmother, but she hasn't demonstrated any extraordinary unwarranted adverse consequences that would justify expungement of her records. *See, e.g.*, United States v. Kotsiris, 543 F. Supp. 2d 966, 970 (N.D. Ill. 2008) ("The court understands Kotsiris' anxiety regarding his employment, but the Seventh Circuit's position on expungement and adverse employment consequences is clear. Employment problems resulting from

a criminal conviction are simply not enough to tip the scales in favor of the extraordinary remedy of expungement."); United States v. Barnes, No. 3:93-mj-33, 2012 WL 6624198, at *3 (N.D. Ind. Dec. 19, 2012) ("[Ms. Barnes] points to the passage of time and her difficulty with securing employment and maintaining employment, yet neither the passage of time nor adverse employment consequences is sufficient to overcome the public interest in maintaining criminal records."); United States v. Wilson, No. 2:95-CR-16, 2012 WL 5930612, at *3 (N.D. Ind. Nov. 26, 2012) ("There is no doubt that Mr. Wilson should be commended for becoming active in his church, but the inability to participate in his church's prison ministries is not the sort of 'extraordinary' adverse consequence that outweighs the 'strong' public interest in the maintenance of public records.").

Based on the foregoing, the court DENIES Ms. Cones's motion for expungement of records under 18 U.S.C. § 3607 [docket # 237].

SO ORDERED.

ENTERED:     March 10, 2014

    /s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana